[CHANCERY. AWARD.]

## CARNOCHAN and MITCHEL
### *against*
### CHRISTIE and Another.

An award must decide the whole matter submitted to the arbitrators; it must not extend to any matter not comprehended in the submission; and it must be certain, final, and conclusive of the whole matter referred.

Where the arbitrators determined that the plaintiffs should be entitled to a credit of a certain sum on account of sales of land to the defendant, provided "they shall grant, or cause to be granted, to the said W. C. (the defendant) a clear, unencumbered, and satisfactory title" to the lands, without limiting any time within which the title should be made: *Held*, that the award was void, as not being final and conclusive.

A Court of Equity either enforces an award as it is made, or sets it aside if in any respect defective; but it is contrary to its practice to confirm the award so far as it extends, and to supply omissions by decree of the Court.

Where a bill is filed to set aside an agreement or conveyance, the conveyance cannot be established without a cross bill filed by the defendant.

*March 10th* This cause was argued by Mr. *Webster* and Mr. *Berrien* for the appellants,[a] and by Mr.

---

a They cited, as to the necessity of a cross bill by the defendants, in order to establish the conveyances, 2 *Madd. Ch.* 329. 2. *Atk.* 133. 1 *Ball and Beatty*, 217. 2 *Cox*, 78. As to the manner in which a Court of equity acts upon an award, either by confirming it in toto or rejecting it, 1 *Bro. Ch.* 389. 3 *Bro. Ch.* 163. 1 *Ves. Jun.* 365. 2 *Ves. Jun.* 22. 4 *Bro. Ch.* 117. 536. As to the necessity of the award extending to all the matters of reference, 7 *East's Rep.* 81. As to the uncertainty and inconclusiveness of the award, 7 *Term Rep.* 69.

*Emmett* and Mr. *D. B. Ogden* for the respondents.[a]

Mr. Chief Justice MARSHALL delivered the opinion of the Court.

Carnochan & Mitchel, the plaintiffs, were merchants in Georgia, who had extensive commercial transactions with the defendant, William Christie, a merchant of Liverpool, in the course of which the former became indebted to the latter to a large amount. In 1819, John Carnochan, one of the firm of C. & M., visited England, in the expectation of selling immense tracts of land he had purchased in Florida, and, during his residence in that country, his partner, Peter Mitchel, relying, probably, on the sale of lands, continued to draw heavily on the defendant, W. C., without making correspondent remittances. Carnochan being unable to sell his lands, and thus to place funds in the hands of Christie, these bills produced great embarrassments, and frequent communications between the parties, in the course of which Carnochan pressed Christie most earnestly to proceed with his acceptances, and promised to secure him by the pledge of his Florida lands, and property in Georgia. At length, deeds of these lands, and other property, were executed, and the accounts settled between the parties. An account was stated, and signed

*a* To show that an award might be good in part, and void as to the residue, they cited 5 *Wheat. Rep.* 394. 3 *Dessauss.* 11 14 *Johns. Rep.* 36. *Kyd on Awards*, 243. 261. and the cases there collected.

1826.

Carnochan
v.
Christie.

by them, showing a balance of 43,293 pounds, six shillings and four pence sterling, due to Christie, for which sum Carnochan gave the promissory note of C. & M., dated ———.

Soon after the execution of these deeds, Carnochan returned to Georgia, and considerable payments were made. But, the debt still remaining considerable, the agent of Christie caused the deeds to be recorded, and apprehensions were entertained that he would proceed to sell the property. In June, 1820, Carnochan & Mitchel filed their bill in the Circuit Court of the United States for the District of Georgia, alleging that the account was unfairly settled, to the very great injury of the plaintiffs; that it contains many erroneous charges, and omits to give credits to which the plaintiffs are entitled, and that Carnochan was induced to sign it, and to give the note for the amount, in consequence of his situation, which placed him in the power of the defendant. That the deeds also were executed under duress, and consequent imposition. The bill prays that the account may be resettled, that the deeds may be cancelled, and the defendant enjoined from proceeding under them. The injunction was awarded.

The defendant, Christie, filed his answer, denying all the material allegations of the bill.

Numerous exhibits were filed, and several depositions taken. In December, 1821, the parties agreed to refer the case to arbiters, and the following submission was entered on the record:

" *Carnochan and Mitchel*
v.
*William Christie and William Jenner,*    } In equity.

" We agree to the reference.   The arbitrators
to determine all matters in controversy as exhi-
bited in the *pleadings,* with the understanding
that the stated account is not to be opened fur-
ther than to permit the complainants to esta-
blish by proof the errors in the same, as alleged
in their bill and exceptions ; the items which com-
pose the alleged error of four thousand pounds,
to be distinctly stated and specified by the com-
plainants within twenty days from this date.
The defendant, William Christie, (if he desire
it,) to have one hundred and twenty days to pro-
duce documents or vouchers to answer the said
items, upon giving the complainants notice with-
in ten days after receiving such specification.
The parties to proce d in the arbitration upon
ten days notice after the expiration of the time
allowed the complainants to exhibit their specifi-
cation above mentioned.   This submission to be
made an order of Court.   The arbitrators to
make their award within one hundred and twenty
days, unless prevented by the requirement of
time by the said William Christie as aforesaid,
from this date, and return the same to the next
term of this Court; which award, when so made,
shall be final and conclusive between the parties,
subject to those exceptions which arise upon
awards, or decisions of arbitrators.   Claims to

commissions mutually abandoned, and the amount decreed by the arbitrators to be paid in two instalments, at six and twelve months from the date of the decree, and sufficient security for the fulfilment of the award be given by Carnochan & Mitchel to William Christie. The arbitrators to have the power of examining witnesses upon oath, and calling for documents which they may deem necessary : but the said William Christie shall be excused from producing any such document, if he will depose that the same is not in his possession on this side of the Atlantic. The arbitrator under this submission, chosen and selected by the complainants, is William Gaston, Esq., and the arbitrator chosen and selected by the defendant, William Christie, is Samuel Nicholas, Esq. ; the said arbitrators, in case of disagreement, to name an umpire. The arbitrators to decide whether William Christie is entitled to a distinct and separate interest in the Florida lands, as he alleges, or to an undivided interest in the proceeds of the same, as alleged by Carnochan & Mitchel. If they decide in favour of complainants upon this point, then the whole property shall be placed in the hands of trustees mutually appointed by the parties, with authority to sell the same, or such part thereof as may be necessary, and appropriate the proceeds to William Christie on his own account, and to the credit of the balance which shall be found due to him, until the same is extinguished, in the proportion of the respective interests of William Christie and Carnochan & Mitchel. If they

decide in favour of the defendant upon this
point, then it is agreed, that an immediate parti-
tion of the property shall be made, and the part
allotted to Carnochan & Mitchel shall be placed
in the hands of such trustees, and the same, or
such parts as may be necessary, to be sold, and
the proceeds appropriated in like manner to the
payment of the balance found due to William
Christie by Carnochan & Mitchel, until the same
is paid. That, as soon as that balance is paid,
the deeds and other encumbrances held by said
William Christie, with the settled account and
note of Carnochan & Mitchel, are to be deliver-
ed up.

" That it shall be referred to the said arbitra-
tors to determine whether the payment of the
balance should be made in England at par, or
here."

" On the 14th of February, 1822, the following
award was returned, and filed in Court.

" IN THE SIXTH CIRCUIT COURT OF THE UNITED
STATES, DISTRICT OF GEORGIA.

" C. and M. ⎫
v.      ⎬ In equity.
C. and J. ⎭

"ARBITRATION. The undersigned arbitrators,
chosen and selected by the above named parties,
as will more fully appear by reference to the sub-
mission calling them to perform this duty, under
date of the twenty-eighth of December, eighteen
hundred and twenty-one, beg leave to report and
award to the following result, after the most pa-
tient hearing of the parties aforesaid, and a

careful examination of the books, papers, letters, and vouchers, which have been submitted to their inspection, and, also, after giving all matters and things in controversy the most mature deliberation.

" 1st. That William Christie place to the credit side of his account with the late firm of Carnochan and Mitchel, the sum of eighteen thousand eight hundred and forty-six dollars and fifty-five cents, as an amount paid by said Carnochan & Mitchel, through Mitchel, Nephew & Co. of Havana, to Messrs. John & James Inerarity, for sixteen shares, or eighty thousand acres of land, bought by Carnochan & Mitchel, by order, and for account of, William Christie, of said John & James Inerarity, lying in the territory of West Florida; that the said Carnochan & Mitchel be also credited with an accumulating interest on said amount from the dates of payment, which precise periods will more fully appear by reference to an affidavit made by Colin Mitchel at Havana, on the nineteenth day of October, eighteen hundred and twenty-one; said interest to be calculated at and after the rate of five per centum per annum; provided, nevertheless, that the said John Carnochan and Peter Mitchel shall grant, or cause to be granted, unto the said William Christie, a clear, unencumbered, and satisfactory title, to the said sixteen shares, or eighty thousand acres of land lying in West Florida as aforesaid.

" 2d. William Christie to place to the credit side of his account with the late firm of Carno-

chan & Mitchel, the sum of ten thousand pounds sterling, or forty-four thousand four hundred and forty-four dollars and forty-four cents, being in payment to Carnochan & Mitchel for thirty shares, or one hundred and fifty thousand acres of land, lying in the territory as aforesaid of West Florida; the said sum of forty-four thousand four hundred and forty-four dollars and forty-four cents, to draw an accumulating interest to the credit of the said Carnochan & Mitchel, at and after the rate of five per centum per annum. The period when said interest shall commence to be calculated, shall be from the day of the date of the title, which title is referred to in the provision next following : provided, nevertheless, that the said John Carnochan and Peter Mitchel shall grant, or cause to be granted, unto the said William Christie, a clear, unencumbered, and satisfactory title of the said thirty shares, or one hundred and fifty thousand acres of land, lying in the territory of West Florida as aforesaid.

"3d. William Christie to place to the credit side of his account, with the late firm of Carnochan & Mitchel, the one half amount of the sterling cost of a case of merchandise, marked AP. (56) number fifty-six, shipped to A. H. Putnam & Co., in the year eighteen hundred and sixteen, amounting to the sum of ninety-one pounds, eight shillings, and seven pence, as the whole cost; one half to be thus credited is forty-five pounds, fourteen shillings, and three pence half penny, or two hundred and three dollars sixteen cents, without placing any interest whatever to the cre-

dit of Carnochan & Mitchel, on this amount, no interest considered as of right accruing on this credit.

" 4th. William Christie to place to the credit side of his account with the late firm of Carnochan & Mitchel, one third of the net proceeds of twenty-one bales of cotton, the whole amount of net proceeds of twenty-five bales of cotton, and also the whole amount of net proceeds of thirty-nine bales of cotton, with an accumulating interest from the date when in funds from the sale of same, at and after the rate of five per centum per annum : provided, nevertheless, that the said John Carnochan & Peter Mitchel shall grant to said William Christie, the bonds of Bainbridges & Brown, of London, indemnifying the said William Christie against any future claimants whatever, for the net proceeds of said twenty-five bales of cotton ; and, also, against all such unascertained charges as now exist, or may hereafter exist, against the thirty-nine bales of cotton as aforesaid.

" 5th. William Christie to place to the credit side of his account with the late firm of Carnochan & Mitchel, one half the amount of three hundred and fifty pounds sterling paid for deeds, &c., one half to be borne by the said William Christie, and the other half by Carnochan & Mitchel, being seven hundred and seventy-seven dollars and seventy-seven cents, with interest at five per centum per annum as aforesaid, from the period of the debit in the books of said William Christie.

" 6th. William Christie to place to the credit

side of his account with the late firm of Carno-
chan & Mitchel, a discount paid by Carnochan
& Mitchel on Virginia bank notes received from
John Gruve, on account of William Christie,
amounting to twenty-two hundred and ten dol-
lars, at two and a half per cent. is fifty-five dol-
lars and twenty-five cents, with interest, at five
per centum per annum, from the date of receipt
of said money.

" 7th. Wm. Christie to place to the credit side
of his account with the late firm of Carnochan
and Mitchel, the sum of sixty dollars and seven-
ty-five cents, for attaching money in the hands
of R. Harvey, of Augusta, with interest of five
per centum per annum, from the date of such
charge in the books of Carnochan & Mitchel.

" 8th. William Christie to place to the credit
side of his account with the late firm of Carno-
chan & Mitchel, two thirds amount of the
expenses on loading the ships Ocean and Aber-
deen, the whole amounting to two hundred and
forty-three dollars and seventy-five cents ; two
thirds of which, to be credited as aforesaid, is
one hundred and sixty-two dollars and fifty cents,
with interest as aforesaid, at the rate of five per
centum per annum, from the date of such charge
int he books of Carnochan & Mitchel.

"9th. Carnochan & Mitchel to place to the
credit side of their account with William Chris-
tie, the sum of four pounds sterling, or seventeen
dollars and seventy cents, paid by the latter to
Captain Munro, with interest, as aforesaid, at
the rate of five per centum per annum from the

date of such advance, as entered in the books of William Christie.

"10th. Carnochan & Mitchel are to account to William Christie for a Libranza, amounting to three hundred dollars, transmitted to Colin Mitchel, of Havana, for collection; also for a piece of red cloth and some thread, remaining on hand unsold.

"11th. The undersigned distinctly award and determine, that the amounts expressed in the first, second, and fourth preceding items of this instrument of award, cannot be considered as sums to the credit side of William Christie's account with Carnochan & Mitchel, until all the conditions annexed to those respective items are fulfilled. The amounts expressed in items third, fifth, sixth, seventh and eighth, are without any condition, and are, of course, to be immediately placed to the credit of Carnochan & Mitchel, in the account of William Christie.

"12th. The undersigned arbitrators award, and hereby decide, that the interest of William Christie in the Florida lands, meaning thereby the 80,000 acres, and 150,000 acres, mentioned in items first and second of this instrument of award, is an undivided interest.

"13th. The undersigned arbitrators award, and hereby decide, that William Christie is entitled to debit and credit Carnochan & Mitchel, in account, at the rate of five per centum per annum interest annually, as same as heretofore, or shall hereafter become due, so that each

annual accumulation of interest shall become principal, and be considered as same.

"14th. The arbitrators feel themselves unqualified to decide upon a bill of charges exhibited by William Christie as his expenses in prosecuting this suit, together with other charges that have been incurred, incidental to the same, both in England and this country, and would beg leave, with the consent of both parties, to refer the same to his Honour, the Judge, to decide on whom, in this controversy, such expenses can most properly fall.

"15th. The arbitrators do hereby award and decide, that any balance that is now due, or shall be hereafter paid by Carnochan & Mitchel to William Christie, shall be considered as money due and payable in England at par. If, therefore, the sum is paid by Carnochan & Mitchel to William Christie in the United States, it must be in British sterling, at the current rate of exchange between the two countries.

"16th. Whereas William Christie has this day exhibited to the undersigned arbitrators his entire account current with the late firm of Carnochan & Mitchel, with interest calculated thereon up to the sixteenth instant, we have duly examined the same, and believe it to be a just and faithful account, showing an amount of thirty thousand four hundred and eighty-three pounds, one shilling and two pence, or one hundred and thirty-five thousand, four hundred and eighty dollars, and twenty-five cents, due him from Carnochan

& Mitchel, and which sum we do hereby award unto the said William Christie as the basis upon which a final settlement of accounts shall take place between him and the said Carnochan & Mitchel. It is to be distinctly understood by both parties in this controversy, that this amount of (thirty thousand four hundred and eighty-three pounds, one shilling, two pence sterling, or) one hundred and thirty-five thousand four hundred and eighty dollars, and twenty-five cents, as now awarded to William Christie, is subject to all such deductions as are mentioned in the preceding items of this instrument of award; namely, the unconditional items to be immediately deducted; the conditional items to be deducted as the provisions of those conditions shall be removed by Carnochan & Mitchel, as will more fully appear is intended by the arbitrators, by reference to the eleventh item of this instrument of award: provided, nevertheless, that such amounts as are awarded to the credit of Carnochan and Mitchel in the preceding items of this instrument of award, as are hereby credited in the account current, as aforesaid, of William Christie, shall be considered always as settled by being placed in said account to the credit of Carnochan & Mitchel, and, of course, cannot be deducted again, as might be inferred, without this explanation, under the name of a provision to this item the sixteenth.

" 17th. This item the arbitrators beg leave to introduce as explanatory, rather than having any specific award or decision thereon, affecting the

parties, in controversy, by observing, that the 1826. actual amount that it may be desirable to ascertain may be due from Carnochan & Mitchel to William Christie, at any future day, arising from the account now referred to of William Christie, and also the deductions to be made from the same, growing out of this instrument of award, may be known by ascertaining whether Carnochan & Mitchel have removed the conditions annexed to items first, second, and fourth; and, if found to be removed, then the whole amount now awarded in their favour (under conditions) will be placed to their credit in the account of William Christie; which, on supposition of being removed and placed at their credit at this period of time, would leave a balance due from Carnochan & Mitchel to William Christie, of a sum within the amount of seventy thousand dollars.

Carnochan
v.
Christie.

(Signed,)        " SAM. NICHOLAS,
                 " WM. GASTON.

" *Savannah, February 13th,* 1822 "

. Exceptions were taken to this award; and, or the 23d of December, 1822, an interlocutory decree was pronounced by the Circuit Court, affirming the award, and referring the cause to the Register, " to report the precise amount due the defendant, absolutely, according to the principles established by the award; also, the amount due hypothetically, should the complainants fail to fulfil the conditions imposed by the award; in which undertaking he shall be at liberty to invoke the aid of the arbitrators, or either of them.

He must also report to the Court the titles proposed to be given by the complainants to the defendant Christie, for the several purchases of the Florida lands, should any difficulty arise between the parties on the legal sufficiency of the titles."

The Court also directed the parties to join in a transfer of the Florida lands to trustees, for the purpose of raising the money due under the award, when instructed to do so under order of the Court.

The report of the Register was made, showing the sum due according to the award, should a title be made to Christie for the Florida lands he had purchased; and also the sum which would be due, should no such deeds be made.

At the same term, on the return of this report, a final decree was pronounced, affirming the award, and affirming also the Register's report; and directing the parties to join in a transfer of their whole interest in the Florida lands to trustees, " in trust to hold the same in pursuance of the terms of the said submission, and the award made thereon." The injunction was dissolved, and the bill dismissed.

The plaintiffs appealed from this decree, and contend, that the award ought to be set aside, because,

1st. The arbitrators have not decided the whole matter that was submitted to them.

2d. They have decided and awarded what was not submitted.

3d. The award is uncertain.

1. In support of the exception founded on the failure of the arbitrators to decide on the whole matter submitted to them, it is alleged by the plaintiffs, that the duress under which the deeds of trust, executed in England, were obtained, constituted a very essential part of the controversy, on which the award is entirely silent.

1826.

Carnochan
v.
Christie.

Exception on the omission of the arbitrators to decide the whole matters referred.

It is undoubtedly true, that this is a "matter in controversy as exhibited in the pleadings," and would be submitted to the arbitrators by the general words of the first sentence, describing the extent of the submission, if it were not withdrawn from them in a subsequent part of the same instrument. But we think it is withdrawn. After directing that the arbitrators shall ascertain the balance due on the account, the agreement of submission adds: " that as soon as that balance is paid, the deeds and other encumbrances held by the said William Christie, with the settled account and note of Carnochan & Mitchel, are to be delivered up."

This is, we think, a waiver of any objection to the manner in which those deeds were obtained, and an admission that they should remain in the hands of Christie as a security for the debt, until it should be discharged.

2. The second omission with which this award is charged, is the failure to decide on the claim of the plaintiffs to a credit for Christie's proportion of the expenses incurred in the settlement of the Florida lands.

This, too, was undoubtedly a matter of controversy. But we think it has been decided. The

arbitrators have allowed to the plaintiffs several credits claimed by them, but have not expressed their rejection of any item which may have been made and disallowed. Instead of introducing into the award the several items which may have been claimed and disallowed, they award a specific sum to the defendant, with a declaration that the several items enumerated in the preceding part of the award as credits to which the plaintiffs are entitled, are to be deducted therefrom. This is, we think, a rejection of all credits not enumerated.

3. The failure to decide on the allegation made in the bill, and denied in the answer, that 50,000 acres, part of the interest in the Florida land sold to the defendant, was a mere donation, made under expectations which were entirely disappointed.

This also is, we think, decided in the award. The 2d article directs a credit of £10,000 sterling to be given to C. & M., being in payment to them for thirty shares, or 150,000 acres of land, lying in the territory of West Florida. This, we think, asserted the title of the said Christie to the whole quantity of land, and negatives the right of the plaintiffs to reclaim any part of it.

Objection to the award, that the arbitrators had exceeded their power.

The second objection to the award is, that the arbitrators have exceeded their power, in requiring the plaintiffs to give a clear unencumbered title to the Florida lands.

The plaintiffs are not required to give a title. This is not a substantive and independent part

of the award, directing them to do a particular act, for the neglect of which they would be liable to damages, or for the enforcing of which an attachment might issue. This part of the award is not compulsory. If the plaintiffs choose to waive the credit for the purchase money, they are left at liberty to do so, and to withhold the title, in which case the award affords the defendant no coercive means to compel a conveyance.

But had this article of the award been peremptory, it is by no means clear that the arbitrators would have exceeded their power in making it. That power extends to all matters in controversy, as exhibited in the pleadings, unless it be restrained by other parts of the submission. The title which the defendant might rightfully demand was one of these matters. The plaintiffs contend in their bill, that the defendant was perfectly acquainted with the state of the title, and was bound to take it, such as it was; and there are strong circumstances to support their pretensions, at least as far as respects the 80,000 acres purchased from the Inerarities. The defendant insists that they were bound to make him a clear title, and relies to prove this on a memorandum at the foot of a stated account, in these words :

" Memorandum. From the balance due to me on this account as per contra, there is to be deducted, as agreed on between Messrs. Carnochan & Mitchel and myself, in lieu of 150,000 acres, or 30 shares of their purchase of Apalachicola lands, held in trust for them by Mr. Colin

Mitchel, on his and their executing to me a proper title for the same, the sum of 10,000 pounds."

The memorandum proceeds in like manner to state, that on a title for the 80,000 acres, there shall be deducted the sum of 6,583 pounds eight shillings and six pence.

The question, what was a proper title, was for a Court to decide under all the circumstances of the contract, and was transferred to the arbitrators by the submission, unless it be withdrawn from them by a subsequent clause of that instrument.

The plaintiffs contend, that it is withdrawn by the provision, that, if the arbitrators should decide that Christie was entitled to an undivided interest in the proceeds of the Florida lands, then the whole property shall be placed in the hands of trustees, " with authority to sell the same, or such part thereof as may be necessary, and appropriate the proceeds to William Christie on his own account, and to the credit of the balance which shall be found due to him, until the same is extinguished in the proportion of the respective interests of W. C. and C. & M."

The 12th article of the award decides, that the interest of W. C. in the Florida lands, is an undivided interest. The plaintiffs insist, that the parties have themselves provided for the state of things produced by this decision. They have directed that all the lands shall be placed in the hands of trustees, to be sold by them so far as may be necessary for the payment of the debt due to Christie. They have agreed on what

shall be done if the lands were held in common, and that on which they have agreed is incohsistent with what the arbitrators have done.

There is, undoubtedly, some confusion in this part of the submission, which renders the construction difficult. It directs, that the interest of Christie, as well as that of C. & M., shall be sold, and the proceeds applied to the individual credit of Christie, and to the credit of C. & M. on their debt to Christie, in proportion to their respective interests in the land. This may be readily done, should the lands be sufficient to discharge the debt. Should they be insufficient, and should the insufficiency arise from want of title in C. & M., Christie gives the credit absolutely, although he had contended that the right of the plaintiffs to the credit depended on the validity of the title they sold. This consideration may enter into the construction of the submission, if the words be doubtful, but cannot control the arrangement of the parties if that be intelligible. We rather incline to the opinion, that as the whole property, including the interest of Christie, was to be placed in the hands of trustees to be sold on joint account, that the conveyance of a title to Christie could not be contemplated as a preliminary measure. But it is unnecessary to give any positive opinion on this point, because, we think, the award must be set aside because it is uncertain, and not final in a very material point.

The arbitrators have determined that C. &

1826.

Carnochan
v.
Christie.

1826.

Carnochan
v.
Christie.

The award set aside, as being uncertain and inconclusive.

M. are entitled to a credit of 63,290 dollars and 99 cents, on account of the sales of lands to Christie, provided they " shall grant, or cause to be granted, to the said W. C., a clear, unencumbered and satisfactory title" to the said lands. No time is limited by which this title shall be made. The question, then, whether this credit is to be allowed, or disallowed, is left indefinitely open. Consequently, the award is not final. It does not settle the accounts between the parties.

If it be said that the Court may prescribe some time by which the title shall be made, the answer is, that if the arbitrators could refer that question to the Court, they have not done so. They have left it entirely open. But the award ought itself to settle finally and conclusively the whole matter referred to them. It is contrary to the principle of a general reference, that the Court should take the award as far as it goes, and supply all omissions by its decree. The award ought to be in itself a complete adjustment of the controversies submitted to the arbitrators.

This award, therefore, ought to be set aside, and the decree affirming it reversed, and the cause remanded to the Circuit Court. The case will, then, stand before that Court as it did previous to the submission. The Court may dissolve the injunction so far as it should be perfectly satisfied that the plaintiffs are indebted to the defendant; and Christie may either avail him-

self of the deeds he has received, or file a cross bill praying the aid of the Court.

DECREE. This cause came on, &c. On consideration whereof, this Court is of opinion, that there is error in the decree of the Circuit Court in affirming the award made by the arbitrators in this cause, which said award ought to have been set aside, because the same is not certain and final. It is, therefore, DECREED and ORDERED, that the said decree be reversed and annulled, and that the cause be remanded to the Circuit Court, with directions to set aside the said award, and to take such further proceedings in the said cause as may be equitable and just.