Mr. Justice Hagner
delivered the opinion of the court.
This was an action of trover brought by the plaintiff to recover a sum of money claimed to be due by the defendant on account of the unlawful conversion of certain certificates and bonds, which it is alleged were entrusted to the defendant as collateral security on the plaintiff’s notes, and which were improperly sold and applied by the defendant.
After the case was at issue, a reference was made of this and three other cases brought by the plaintiff respecting the same cause of action, to Mr. James G-. Payne as “special referee,” with directions to take the testimony adduced by the respective parties in the several causes and return the same in one of said causes, and further that “ the said referee *210 shall make a separate report in each case, stating all the material facts with his conclusions of law thereon, and his recommendations, and return the same to this court with all convenient speed.”
Testimony was taken before the referee in said causes, and a report filed by him in this case, embodying what may be called “ his conclusions of law,” and concluding as follows, with what was probably designed as “ his recommendation: ”
“ Acting upon this presumption, there would appear to be due from the defendant to the plaintiff the sum of $771.31, and interest, as shown in ‘schedule A’ attached to this report.”
Notice was given of a motion to the court “ to confirm the award of the special referee and enter judgment thereon for the plaintiff.”
Subsequently a number of exceptions to the report were filed on behalf of the defendant, and after hearing upon the exceptions judgment was entered by the court for the sum recommended by the referee, and the case comes here on appeal from this judgment of the court.
We are of opinion that the judgment below was improperly entered. It seems to have been assumed that the reference spoken of was in the nature of a reference to an arbitrator, and that the report is to be regarded as an award within the Maryland act of assembly of 1785 and rule 53 of this court. Such, however, is not our understanding of the matter. What may have been the purpose of the parties in making this reference we are not prepared to say, but the report is wanting in most of the characteristic features which are held essential to give validity to an award. The referee does not profess to have acted as an arbitrator. His report is not returned as an award under his seal, and above all it is not accompanied with a final finding of the matters referred. It professes to be nothing more than a “ recommendation;” and the law is well settled that “the award itself ought to settle finally and conclusively the whole matter referred. It is contrary to the principle of a general reference that the court should take the award as far as it *211 goes and supply all omissions by its decree. The award ought to be in itself a complete adjustment of the controversy submitted to the arbitrators.” 11 Wheaton, 446, Carnochan vs. Christie.
Where a court, under authority of law, assents to a reference of a case to an arbitrator, it abdicates, pro hac vice, its own judicial functions to the arbitrator, and his award, if conformable to the law and rules regulating the subject, is taken as of equal force with a decision of a competent tribunal, needing only the formal ratification of the court to stand as a judgment of the tribunal itself.
But this special power thus confided to the arbitrator, must be exercised in conformity to the law and the rules of court, and on these conditions alone will it be considered as an equivalent to the finding of the court and jury.
In this case we have seen these essentials are wanting, and there is no power in the court to give efficacy to the recommendations by supplying omissions, and thus to deprive the defendant of her right to have her case passed upon by a jury. But that right might have been waived by a regular reference to arbitrators, and its equivalent obtained by a proper final award. If this report could be considered as an award in form, which it does not pretend to be, nevertheless the judgment of the Supreme Court in the ease above cited would be applicable here : “ This award, therefore, ought to be set aside and the decree affirming it reversed, and the cause remanded to the circuit court. The case will then stand before that court as it did previous to the submission.”
In this view of the case it is unnecessary to express any opinion as to the numerous other questions argued at bar.
Judgment reversed and case remanded for trial.