It was formerly understood to be the law that contracts and conveyances made with a view to delay, hinder or defraud creditors were, nevertheless, valid and binding between the parties to such contracts and conveyances. (Jackson v.Garnsey, 16 John., 189; Osborn v. Moss, 7 id., 161;Findley v. Cooley, 1 Blackf., 262; Fairbanks v.Blackington, 9 Pick., 93.) The English statute of frauds, which was early reënacted in this state, in declaring the effect of such transactions, pronounced them void and of no effect only as against the person or persons who might in anywise be disturbed, hindered or defrauded. In Nellis v. Clark (20Wend., 24; S.C., 4 Hill, 424), the rule was departed from by a decision which restricted the doctrine to executed conveyances, the court holding that an executory agreement entered into in fraud of creditors could not be enforced between the parties; conceding, however; that the principle which I have stated applied universally to grants and conveyances, and all executed contracts. The court applied to transactions fraudulent against creditors the rule which *Page 336 
prevails as to other illegal contracts, namely, that whatever the parties have illegally contracted to execute, neither can by law compel the other to execute, or to pay damages for not executing; and that as to conveyances and executed contracts it refuses to aid either party, but leaves them where it finds them. This modification of the law as it was finally held, having received the sanction of the Court of Errors, should now be considered as established. The rule has been further changed in one particular. Executors and administrators who could not, formerly, impeach the conveyances of the deceased on the ground of fraud against creditors are now enabled to do so by statute. (2 R.S., 449, § 17; Bate v. Graham, 1 Kern., 237.)
Enough of the ancient principle is left to determine this case. The deed of Joseph Mosely to the plaintiff is an executed conveyance, which the grantor could never be heard to question in a court of justice, on the ground that it was executed in fraud of creditors. The defendant is not a creditor, and he does not claim under a title arising out of any proceedings instituted by creditors. If he has any claim to the subject of the suit, it is one taken under his father, the grantor, and he can claim no right which the grantor was estopped from setting up. The judge therefore fell into an error in leaving the question of fraud to the jury. Which ever way that question might be determined, the finding would not legally aid the defendant.
It was also erroneous to charge, that the delay of the plaintiff in recording his deed, was some evidence that it was void. Unless the defendant had acquired an advantage under the recording acts, it was not important whether the plaintiff ever recorded his deed.
The judgment should be reversed, and a new trial awarded.
BROWN, J., was for affirming the judgment, on the ground that there was no specific and direct exception to any of *Page 337 
the legal propositions of the charge, but in place thereof a prolix statement of facts and arguments. The office of an exception, is not alone to get the point before the appellate court, but it also is to call the judges attention directly to the proposition thought to be exceptionable, that he may reflect and correct himself, if in error.
SHANKLAND, J., took no part in the decision.
New trial ordered.