## MERRITT *v.* MILLARD.

December, 1868.

Affirming 10 *Bosw.* 309.

One who receives money from A. upon a simple trust, to pay over to B., cannot resist an action by B. on the ground that it was paid by A. in performance of an illegal executory contract. This is not an action in aid of an illegal agreement.

Since a party may waive the defense of the illegality of a contract, and affirm the same as far as he himself is concerned, and money paid thereon cannot be recovered back, on account of the illegality of the contract, it cannot be recovered back when paid to an agent for him.

Isaac Merritt sued John A. Millard, in the New York superior court, to recover money paid by one Brewster to defendant for plaintiff's use. The defense relied on was, that Brewster paid the money in performance of an illegal contract between himself and plaintiff, and that, therefore, defendant was not liable to pay it over to plaintiff.

The pleadings are stated in a report of a previous decision, in 5 *Bosw.* 645, where a demurrer by the plaintiff to this defense was sustained.

Upon the trial the following facts appeared.

On September 6, 1861, certain real estate in the city of Troy was advertised to be sold on a judgment, in a mortgage foreclosure suit. The present plaintiff, Merritt, held a judgment against the mortgagor, which was the next lien to the mortgage on one undivided half of the premises, and Jared .Brewster claimed to have the next lien to the mortgage on the other undivided half. It was then agreed between the attorney for the plaintiff, Mr. Hadley, and Brewster, that as near as could be ascertained, the cash value of one-half of the surplus likely to arise on the sale was five hundred dollars, and Brewster then agreed that if plaintiff would abstain from bidding, and not interfere with the sale, he, Brewster, would pay plaintiff five hundred dollars. Plaintiff, in pursuance of said agreement, abstained from bidding at said sale, and the property was purchased by Brewster.

Merritt *v.* Millard.

After the sale, Brewster gave to the defendant five hundred dollars, *to be paid over to the plaintiff,* which the defendant retained and refused to pay over.

*The superior court,* on appeal from a judgment for plaintiff, held that the action would lie, assigning substantially the same reasons as those given in the opinion of this court.

*John A. Millard,* defendant, appellant, in person.

*John H. Reynolds,* for plaintiff, respondent;—Besides the cases cited in the opinion,—cited Owen *v.* Davis, 1 *Bailey,* 315 ; Eagle Bank *v.* Smith, 5 *Conn.* 75.

BY THE COURT.—MASON, J.—This case is so inartificially made up, it is difficult to determine what questions are presented for review in this court. We cannot review the case upon the evidence, but must take the facts as found by the referee upon the trial.

Upon the facts as found by the referee in his decision, there really is nothing for this court to review. The referee finds, "that on the 6th day of September, 1851, one Jared Brewster paid to the defendant the sum of five hundred dollars, to and for the use of this plaintiff, and which the defendant promised and undertook to pay to the plaintiff when requested; and that, although often requested so to do, he has not paid the same or any part thereof; and he found, as a conclusion of law, of course, that the plaintiff was entitled to recover this amount." In his decision, at the conclusion of the findings of fact, he states that the reasons of his findings are more fully set forth in his opinion thereto annexed.

Now, if we are permitted to regard this opinion as a part of the case, I do not see how it can help the appellant, for the facts are not there found upon which the appellant has here made his argument for a reversal of this judgment.

I am inclined, however, rather to regard the case as presenting the questions argued. [The learned judge here recapitulated the facts as above.]

The defense is, that this was an illegal contract between the plaintiff and Brewster, and that no action can be maintained

by the plaintiff to recover this money, upon the principle that "*ex dolo malo, non oritur actio;*" that where the cause of action arises, "*ex turpi causa,*" no court will lend its aid to enforce it. The principle is a sound one, and is firmly implanted in the common law. Nellis *v.* Clark, 20 *Wend.* 24; Perkins *v.* Savage, 15 *Id.* 412; Armstrong *v.* Toler, 11 *Wheat.* 458.[*]

The misfortune of the defendant's case is, the principle has no application to it. There is a marked and settled distinction in law between executory and executed contracts of an illegal character. Whenever the parties have executed a contract for illegal purposes, the court refuses to lend its aid to enable either party to disturb it. The purchaser, Brewster, could not be compelled to pay this money, but when he did pay it to the defendant for the plaintiff's use, it did not lie with the defendant to put the money in his own pocket and refuse to pay it over. Brewster had the right to waive the defense of the illegality of this contract, and pay the money, and when he had done so, and placed it in the defendant's hands, upon the simple trust that he should pay it over to the plaintiff, the law enjoins the duty upon the defendant to pay it, and will not permit him to set up this defense.

This principle is too well settled to require discussion.

It is illustrated in the familiar cases of the conveyance of lands by the mortgagor, subject to a usurious mortgage, where it is held that the grantee, although there is privity of estate, cannot set up the usury in the mortgage, because the mortgagor has waived the usury and constituted the lands a fund in the hands of the grantee for its payment. Morris *v.* Floyd, 5 *Barb.* 130; Green *v.* Kemp, 13 *Mass.* 515; Bridge *v.* Hubbard, 15 *Mass.* 96, 103; Post *v.* Dart, 8 *Paige,* 639, 641; Shufelt *v.* Shufelt, 9 *Id.* 137, 145; Cole *v.* Savage, 10 *Id.* 583; Ferris *v.* Crawford, 2 *Den.* 595, 598. The principle is affirmed in this court, in the case of Sands *v.* Church, 6 *N. Y.* 347, wherein it is held, that a person who accepts a lien upon or an interest in this equity of redemption of mortgaged premises, as mortgagee, expressly subject to the lien of the prior mortgage, can-

---

[*] See, also, Mosely *v.* Mosely, 15 *N. Y.* 334.

not avail himself of .usury in such mortgage, in defense to a suit for its foreclosure. This same principle applies where the debtor has assigned property to assignees, and provides for the payment of a usurious debt. The assignees themselves cannot intepose, and set up the usury, and refuse to pay. Green *v.* Morse, 4 *Barb.* 322.

It is not to be doubted that it is competent for a party to waive the defense of the illegality of a contract in which he himself participates, and to affirm the same so far as the parties are concerned. Pepper *v.* Haight, 20 *Barb.* 429. If this money had been paid by Brewster directly to the plaintiff, it is clear that, upon the most elementary principle of law, he could retain it against Brewster. The money in that case would, in the strictest sense, belong to him. Does it not equally belong to him when paid to an agent for him ? I think it does, and the case of Tennant *v.* Elliott, 1 *Bos. & P.* 3, is in point. In that case, A. having received money to the use of B., on an illegal contract between B. and C., it was held that A. shall not be allowed to set up the illegality of the contract as a defense in an action brought by B. for money had and received. The same is held. in Farmer *v.* Russell, 1 *Bos. & P.* 296. To the same effect is the case of Hamilton *v.* Canfield, 2 *Hall*, 326. And to the same effect I understand the case of Armstrong *v.* Toler, 11 *Wheat.* 258.

. The defendant's liability arose upon the receipt of the money, and is entirely separate and independent of this illegal agreement, and his liability would have been the same if there was no agreement whatever between Brewster and the plaintiff Lawrence *v.* Fox, 20 *N. Y.* 268; Delaware & Hudson Canal Co. *v.* Bank, 4 *Den.* 97; Barker *v.* Bucklin, 2 *Id.* 45 ; Mellen *v.* Whipple, 1 *Gray*, 323 ; Beers *v.* Robinson, 9 *Barb.* 229.

The judgment of the superior court should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.