## N. Y. SUPERIOR COURT.

GEORGE B. ROCKWELL, Plaintiff, agt. WILLIAM BROWN,
*et. al.,* Defendant.

A deed, showing upon its face that it is an assignment made by an insolvent in
proceedings, to obtain his discharge under the statute concerning voluntary as-
signments, is insufficient to support an action of ejectment by the assignee, un-
less accompanied by proof of the proceedings and assignee's oath, as required
by statute.

*General Term, May,* 1871.
*Before* BARBOUR, *Ch. J.,* FREEDMAN *and* SPENCER, *JJ.*

THE action was ejectment. The answer contained a
general denial, and a claim of adverse possession, under
claim of title, for more than twenty years. On the trial,
before the court and a jury, the plaintiff showed title in
Isaac V. Paddock, and then offered in evidence the deed of
said Isaac V. Paddock, which contained a recital that it was
made pursuant to an order of a county judge, in the matter
of the insolvency of the grantor, and then, in consideration
of one dollar, conveyed to plaintiff the premises in suit.
Defendants' counsel objected that this deed could not be read
until the proceedings in insolvency were proved. The judge
sustained the objection, and plaintiff excepted. No further
proof being offered, the court dismissed the complaint and
ordered the exceptions to be heard, in the first instance, at
general term.

JOHN TOWNSHEND, *attorney for plaintiff.*
THOMAS B. BROWNING, *attorney for defendants.*

*By the court,* FREEDMAN, *J.*—The deed in question

showed upon its face that it was an assignment made by an insolvent under the statute concerning voluntary assignments, pursuant to the application of the insolvent, and his creditors and in puruance of an order of the county judge, who entertained the proceeding. In conducting such proceeding the said officer exercised a special jurisdiction acquired only in the mode prescribed by statute. Such jurisdiction is never presumed, but must, whenever questioned, be affirmatively proved. The plaintiff, therefore, in order to establish his right to recover, should have proven the proceeding and the assignment under the same (*Best* agt. *Strong*, 2 *Wend.* 319; *Salters* agt. *Tobias*, 3 *Paige*, 338; *II Phil. on Ev.* 321).

The statute also contains a general provision, requiring the assignee, before proceeding to the discharge of any of his duties, to take and subscribe a certain oath, and file the same with the officer or court that appointed him, and it is only after the taking of such oath that the assignee is to be deemed vested with all the estate, real and personal, of the insolvent (*III Rev. St.*, *5th ed.*, *p.* 115, §§ 7, 8). Under this provision, no estate vested in the assignee, until he took the oath required, and in the absence of proof upon this point, the title must be deemed to remain in the insolvent.

*Hoag* agt. *Hoag*, (35 *N. Y.*, 474, 475,) is an authority not only upon this very point, but also upon the question that, without evidence, the assignee entered upon the discharge of his duties, no presumption can be indulged in that he took the oath. I may add here, that the doctrine that presumptions will not be indulged in, except for the purpose of supporting a possession, applies with peculiar force to an action of ejectment, for in such action the plaintiff must wholly rely upon the strength of his own title, and cannot rely upon the weakness of that of his adversary.

The complaint, therefore, was properly dismissed, and plaintiffs' exceptions must be overruled, and judgment rendered for the defendants, with costs.