By the Court.—Freedman, J.
The deed in question showed upon its face that it was an assignment made by an insolvent under the statute concerning voluntary assignments, pursuant to the application of the insolvent and his creditors and in pursuance of an order of the county judge, who entertained the proceeding. In conducting such proceeding, the said officer exercised a special jurisdiction, acquired only in the mode prescribed by statute. Such jurisdiction is never presumed, but must, whenever questioned, be affirmatively proved. The plaintiff, therefore, in order to establish his right to recover, should have proved the proceeding and the assignment under the same (Best v. Strong, 2 Wend. 319, Salters, v. Tobias, 3 Paige, 338 ; 2 Phil, on Ev. 321).
The statute also contains a general provision requiring the assignee, before proceeding to the. discharge of any of his duties, to take and subscribe a certain oath, and to file the same with the officer or court that appointed him, and it is only after the taking of such oath that the assignee is to be deemed vested with all the estate, real and personal, of the insolvent (3 Rev. Stat. 5 ed. p. 115, § § 7, 8). Under this provision no estate vested in the assignee until he took the oath required ; and in the absence of proof upon this point, the title must be deemed to remain in the insolvent. Hoag v. Hoag, 35 N. Y. 744, 475, is an authority not only upon this very point, but also upon the question, that without evidence that the assignee entered upon the *382 discharge of his duties, no presumption can be indulged in that he took the oath. I may add here that the doctrine, that presumptions will not be indulged in, except for the purpose of supporting a possession, applies with peculiar force to an action of ejectment, for in such action the plaintiff must wholly rely upon the strength of his own title, and cannot rely upon the weakness of that of his adversary.
The complaint, therefore, was properly dismissed, and plaintiff’s exceptions must be overruled and judgment rendered for the defendants, with costs.