BICKNELL v. LANCASTER CITY AND COUNTY FIRE INSURANCE COMPANY, appellant.

*Insurance — insurable interest — ownership — fraudulent sale.*

The firm of T. & J. held a mill under a contract of sale. At a receiver's sale of the interest of such firm plaintiff purchased the same, took possession, and procured an insurance upon the property in and about the mill, representing to the insurers that he held the mill under a contract of sale. *Held*, that plaintiff had an insurable interest in such mill, and was, so far as the insurer was concerned, the owner, and the fact that he had purchased it for the benefit of T. & J. would not avoid the policy of insurance.

While such a sale might be void as to creditors, it is valid between the parties. The insurer does not stand in the position of a creditor and cannot impeach the transaction for fraud.

APPEAL from a judgment in favor of the plaintiff, and an order denying a motion by defendant for a new trial. The facts appear in the opinion.

*Magone & Holbrook*, for appellant.

*Vary & Stone*, for respondent.

DANFORTH, J. This is an action brought to recover for loss by fire occurring July 1, 1870, upon a policy of insurance issued by defendant to plaintiff, insuring plaintiff against all such loss or damage as might occur by fire to the amount of $1,300; $700 being on property contained in saw and planing mill, held by plaintiff under contract from George Parish; $600 on plaintiff's lumber in said mill, and within thirty feet of same.

The answer admits the incorporation of the company, the issuing of the policy, loss by fire, and sets up fraudulent representation by plaintiff, that he held said mill property by contract of purchase from Parish, that he in truth had no contract, that his only interest was fraudulent and colorable, and that the equitable owners of the property were Thompson & Judd, and that their interest was not known to defendant nor stated in the policy. Judgment for plaintiff, $643.42.

The policy contained a clause providing that the company shall not be liable for loss for fraudulent claims, nor for loss for property owned by any other party, unless the interest of such party is stated in the policy.

On the trial it appeared that on January 1, 1868, one Parish was the owner of this mill property, and that on that day Thompson & Judd entered into a contract for its purchase, in which contract is a condition that all tools, implements and machinery put into said mill should become a part of the freehold (these are covered by the terms of the policy); also, it contained a condition, that if the said Thompson & Judd should fail to pay the installments when due, Parish might declare the contract forfeited. Thompson & Judd went into possession immediately under said contract, and remained in possession until January 17, 1870, when plaintiff purchased said contract at a receiver's sale of Thompson & Judd's property, and plaintiff immediately entered into possession under said contract, and insured the property March 1, 1870, and was in possession at the time of the fire.

The appellant claims that the court erred in admitting the bill of sale from the receiver of Thompson & Judd's property, to the plaintiff, against defendant's objection that the subscribing witness must be called.

The instrument was properly acknowledged, and by Laws of 1833 (ch. 271, § 9) was entitled to be received in evidence on the trial

of any action, with the same effect and in the same manner as if it were a conveyance of real estate.

On the trial witness Beckwith was asked by defendant: "Did you enter into an arrangement on behalf of Bicknell, the plaintiff, that the property should be bid off at the receiver's sale for the benefit of Thompson & Judd?" and the defendant also offered to prove that the purchase at the receiver's sale, although in plaintiff's name, was for Thompson & Judd in point of fact. The objection to the question and offer was sustained.

It is not claimed by defendant that any false representation was made by Bicknell as to the value, location, hazard, or exposure of the property, but as to his interest when he said he held it under a contract of purchase from Parish. Bicknell bought at the receiver's sale the interest of Thompson & Judd in their contract for purchase from Parish, and so far as the evidence shows therefore, substantially held the property under a contract of purchase from Parish.

The only question is, was it competent for the defendant to show that Bicknell purchased at the receiver's sale for the benefit of Thompson & Judd. At the time of procuring the insurance Bicknell held under the receiver's sale the contract of purchase and was in possession of the property.

By virtue of the instrument of purchase and the possession he had an insurable interest.

Even if the contract had not been fulfilled by Thompson & Judd, Parish had not declared it forfeited, and Thompson & Judd had in it an interest which was the subject of sale, and such interest was sold to plaintiff.

If the purchase by Bicknell was in point of fact for the benefit of Thompson & Judd, it was void as against creditors of Thompson & Judd, but valid and effectual as between the parties to the sale. *Moseley* v. *Moseley*, 15 N. Y. 334; *Garfield* v. *Hatmaker*, id. 475.

The defendant does not stand in the position of a creditor, and he cannot say that the agreement is void for fraud. The plaintiff is the absolute owner of the contract so far as the defendant is concerned, even if there was fraud between plaintiff and Thompson & Judd.

I am unable to find any error in this case.

The judgment should be affirmed, with costs.

*Judgment affirmed.*