JACOB R. REESE and HENRY K. DAY, Appellants, *v.* EDWARD W. RESBURGH or RISBROUGH, Defendant, Impleaded with HENRY DE ZAVALA and WILLIAM T. SCHLEY, Respondents.

*Agreement that an attorney is to receive one-half the recovery and is to pay the expenses of the litigation — champerty — ratification of his substitution of another attorney.*

A firm of importers entered into an agreement with one J. H. Stedwell, an attorney, by which Stedwell agreed to prosecute a claim against the United States government for an excess of custom duties exacted from the firm, for fifty per cent of the recovery. Stedwell, being unable to continue the prosecution of the action by reason of illness, substituted Reid and Drake as attorneys therein, and thereafter Reid and Drake substituted Henry de Zavala, who prosecuted the claim to a successful conclusion.

In an action by the surviving partners of the firm against de Zavala and the executrix of Stedwell to secure the entire amount of the recovery, it was

*Held,* that as the plaintiffs, with knowledge that de Zavala was prosecuting the claim, accepted the benefit of his services, a privity of contract was created between them entitling de Zavala to enforce the contract made with Stedwell;

That as the parties had fully performed the agreement made with Stedwell, it was not necessary to consider whether a provision in that agreement that Stedwell should pay the expenses of the litigation rendered the agreement void for champerty.

APPEAL by the plaintiffs, Jacob R. Reese and another, from a judgment of the Supreme Court in favor of the defendants Henry de Zavala and William T. Schley, entered in the office of the clerk of the county of New York on the 23d day of May, 1900, upon the decision of the court rendered after a trial before the court without a jury at the New York Trial Term.

*Jacob Fromme,* for the appellants.

*William T. Schley,* for the respondents.

HATCH, J.:

This action was brought to recover the sum of $16,402.51, money had and received, belonging to the plaintiff's late firm of Reese, Williamson & Co., of which the plaintiffs, together with the defendant Risbrough were the surviving partners, and which was collected by the defendant de Zavala from the Collector of the Port of New York under the following circumstances:

Prior to 1874, the firm of Reese, Williamson & Co. were mer-
chants and importers, doing business in the city of New York. At
this time the late Chester A. Arthur was the Collector of the Port
of New York, and under his administration there was exacted and
collected upon the goods imported by the plaintiff's firm quite a
large sum in excess of the duties placed thereon by law. In Feb-.
ruary, 1874, J. H. Stedwell entered into an agreement with the
plaintiffs by the terms of which he was to prosecute the claims for
such excess for fifty per cent of the moneys which he could procure
to be refunded, and he was to pay the expenses of the litigation.
In pursuance of this agreement, Stedwell brought actions in the
Superior Court of the city of New York against Chester A. Arthur,
which actions, upon application by the attorney for the government,
were removed into the Circuit Court of the United States. During
the pendency of this action Chester A. Arthur died, and Charles E.
Miller and others were thereafter substituted as defendants in such
action as the personal representatives of said Arthur. While the
actions were pending in this court, Stedwell, being unable to prose-
cute such action by reason of illness, substituted Reed and Drake
as attorneys therein, and on April 14, 1890, Reed and Drake sub-
stituted Henry de Zavala as attorney for the plaintiffs, and Zavala,
in connection with Coughtry, prosecuted the claim to a successful
conclusion, recovering therein judgment for the amount mentioned.

J. H. Stedwell died in 1884, leaving a last will and testament, in
and by which he nominated and appointed his wife Catherine his
executrix, and such proceedings were afterwards had in the Surro-
gate's Court that she was duly appointed such executrix, and letters
testamentary were duly issued to her.

The government having furnished the present Collector with
moneys for the payment of said judgment, the plaintiffs, disregard-
ing the agreement with Stedwell, made claim for the whole sum,
while the defendants Zavala and Schley, the former as attorney for
the plaintiffs and the latter as representative of the executrix of
Stedwell, made claim to one-half of the recovery under the Sted-
well agreement and for the additional sum of $114.80, interest on
account of alleged delay caused by the plaintiffs in making collection
of the sum awarded by the said judgment. Application was made
by the plaintiffs to the United States court to have fifty per cent

of the recovery in each case paid over to them and the remainder paid into court to await the result of an action to determine the claim to the money. This motion was denied and thereupon the whole sum was paid over to the defendant Zavala, as attorney for the plaintiffs. The present action was brought against said Zavala and Schley to recover the whole of the sum so received from the government. The plaintiffs claim that there is no privity of contract between themselves and the defendants arising out of the Stedwell agreement; that such agreement is void for maintenance and champerty, and that the agreement, if valid, did not survive his death; while the defendants claim to be entitled to fifty per cent of the sum by virtue of the Stedwell agreement.

After the commencement of the action it was, by order of the court, duly severed, and judgment was entered in favor of the plaintiffs for $8,086.46, with interest from October 11, 1899, the same being fifty per cent of the amount of the refund, less the sum of $114.80, which judgment was paid, and the action was continued for the residue; thereafter judgment was entered dismissing plaintiffs' complaint; from such judgment this appeal is taken. The evidence is abundant from which the court was authorized to find that the plaintiffs were fully informed of the continued existence of the suits, and of their prosecution by the attorney who had succeeded through substitution the original attorney. It must be presumed that such notice carried with it knowledge upon the part of plaintiffs that the attorney had obtained from Stedwell the legal authority to prosecute the action and that they acquiesced in the substitution which had been made. So acquiescing, they became conclusively bound in recognition of the attorney's right to prosecute the action, and thereby a privity of relation was established. (*Dale* v. *Redfield*, 22 Fed. Rep. 506; *Dodge* v. *Schell*, 12 id. 515.)

The plaintiffs being possessed of knowledge that the attorney was acting in their lawsuit and having accepted the benefits arising from the service, they are presumed to have ratified the employment and became bound for the service as though there had been an original contract of employment. (*Commercial Bank of Buffalo* v. *Warren*, 15 N. Y. 577; *Heermans* v. *Clarkson*, 64 id. 171; *Tallman* v. *Kimball*, 74 Hun, 279.)

If, therefore, the agreement with Stedwell be capable of enforce-

ment, as there was privity in employment and ratification of the acts thereunder by the plaintiffs, the defendants became entitled to receive the compensation agreed to be paid under the terms of such contract, and Stedwell's death would in nowise defeat the defendants' legal right. It is said that the agreement is void for maintenance and champerty. It is not necessary that we decide this question as the parties have fully performed the terms of the agreement. Under it the money has been recovered, the government has paid the same to the attorney and the latter has paid over the full amount to which the plaintiffs are entitled. In this regard it can make no difference that the money was obtained by the plaintiffs through the medium of an action in which judgment has been entered. Such fact has neither increased nor diminished the sum to which the plaintiffs were entitled, but has awarded the whole sum which they were to receive, less such costs as they have been compelled to pay in the attempt to escape from the force of the obligation created by their contract. It is by no means clear that the plaintiffs would derive any advantage if the court should hold that the agreement was void for maintenance and champerty. Indeed, we think such a ruling might, in the beginning, have been fraught with extreme peril to them, for if the contract was held void for such reason, it would be void, not alone as to one party, but as to both parties. While the contract was executory neither party could enforce it, and if executed, and the money paid over to one, it is at least doubtful if the other party could enforce in an action any right of participation in the fund. (*Best* v. *Strong*, 2 Wend. 319; *Nellis* v. *Clark*, 20 id. 24; *Moseley* v. *Moseley*, 15 N. Y. 334; 5 Am. & Eng. Ency. of Law [2d ed.], 822.) And if this should be the rule the plaintiffs might be left to the tender mercies of voluntary division of the spoil. But, as before observed, the question does not arise herein. The defendants have not appealed from the judgment and the plaintiffs take thereby all to which they are entitled.

These views lead us to conclude that the judgment appealed from should be affirmed, with costs.

Van Brunt, P. J., Patterson, O'Brien and Ingraham, JJ., concurred.

Judgment affirmed, with costs.