Jacob Grudberg, Respondent, v. Midvale Realty Company, Appellant.

Supreme Court, Appellate Term, First Department, October Term — Filed November, 1922.

**Principal and agent — action for broker's commission on sale of real estate — when acts of plaintiff defeat a recovery — attorney and client.**

While a lawyer is not required to give legal advice gratuitously, yet if he chooses to do so he will be held to the same standard of honor that obtains when he is paid for his services.

In a transaction which resulted in defendant giving a three-year lease of real property to the uncle of L. the plaintiff represented the uncle. In some unexplained manner L. became the tenant under the lease instead of his uncle and expended a large sum in altering the building. When the lease was about to expire plaintiff sought employment as a broker to sell the premises to L., whom he repeatedly solicited to buy the premises but he refused. Plaintiff then induced defendant to send L. a letter notifying him that in case he desired to renew his lease, it would have to be at a considerably increased rental. At that time plaintiff said to defendant that he had no doubt that as soon as L. got the letter he would come and see him, "Then I can send him to you." When L. came to plaintiff he told him to buy the property which he did. On the law day defendant induced L. to avail himself of the services of defendant's attorney and plaintiff, on hearing of this, complained to defendant for having been supplanted as L.'s attorney for title-closing purposes. *Held,* that while in an action to recover a broker's commission the evidence warranted findings that plaintiff was employed by defendant as a broker, and that he was the procuring cause of the sale of the property, the maxim *ex turpi causa non oritur actio* was a bar to a recovery, not for the sake of the defendant, but because the courts will not lend their aid to such a plaintiff, who when asked on cross-examination why L. went to him with defendant's letter answered that it was because L. very frequently asked plaintiff's legal advice on legal matters, and when asked by the court: "Were you his attorney?" answered, "I was not his attorney."

The defense of *ex turpi causa* need not be pleaded and a judgment in favor of plaintiff will be reversed and the complaint dismissed upon the merits, with costs.

Appeal by defendant from a judgment of the Municipal Court of the city of New York, borough of The Bronx, second district, in favor of plaintiff, after trial by the court without a jury.

*William J. Lamey,* for appellant.

*Reginald F. Isaacs,* for respondent.

Mullan, J. Plaintiff, a member of this bar, sued, and has obtained judgment against defendant, for a commission upon the sale of a parcel of realty. The evidence warrants findings that plaintiff was employed by defendant as a broker, and that he was the procuring cause of the sale to the buyer, one Licausi. Nevertheless, I am of the opinion that the maxim *ex turpi causa non oritur actio* should bar recovery. In 1917 plaintiff, acting

as an attorney, represented the uncle of Licausi in a transaction that resulted in a lease, by defendant, to Licausi's uncle, of the premises here in question. In some manner that is not disclosed by the evidence Licausi became the defendant's tenant in his uncle's stead, and expended a large sum in altering the building. In April, 1920, when Licausi's lease was about to expire, plaintiff sought out the defendant for the purpose of procuring employment as broker to sell the premises to Licausi. Defendant did so employ plaintiff, and the latter repeatedly solicited Licausi, but Licausi refused to buy. Plaintiff then induced defendant to send to Licausi a letter notifying him that if he desired to renew his lease, the renewal term would be at a considerably increased rent, the plaintiff saying at the time to defendant: " I have no doubt, there is no doubt in my mind that as soon as Mr. Licausi gets the letter he will come down to see me. Then I can send him to you." It is quite clear that plaintiff counted upon the probability that Licausi would come to plaintiff for advice and assistance in the matter. Licausi did in fact come to plaintiff with the letter referred to, and sought advice, and it is impossible to believe that Licausi did not suppose, and that plaintiff did not know that Licausi supposed, that plaintiff would give Licausi the disinterested advice that an attorney owes to his client. When asked by defendant's counsel why Licausi went to him with the defendant's letter, plaintiff answered: " Mr. Licausi went to me because he very frequently asked my advice on all matter, legal advice." By the Court: " Were you his attorney? " A. " I was not his attorney, but I was interested in the dress concern for which Mr. Licausi was doing embroidery work and Mr. Licausi in coming in to see us occasionally always consulted me on legal matters." When Licausi came to him, plaintiff, to use his own language, " told " Licausi to buy the property, and sent him to see defendant's representative. Licausi bought the property. Defendant induced Licausi to avail, on the title closing, of the services of defendant's attorney. When plaintiff learned of this, he complained to defendant for having been supplanted as Licausi's attorney for title-closing purposes.

It seems to us to be too plain to admit of serious argument that the device resorted to, at plaintiff's suggestion, of demanding of Licausi an increase of rent, was a determining factor in bringing about the sale, and that it is equally plain that at the material times plaintiff owed to Licausi the duty of giving him the honest and unselfish advice that an attorney must always give to one who obtains his advice. We rest our decision upon that point upon no nice or slender ground, but base it upon the broad and

general proposition that one who is a member of a bar cannot, at least within, or for use within, the territorial limits of his license, give advice, whether paid for, or gratuitous, that is not honest and disinterested advice. Of course, a lawyer is not required to give free advice, but if he chooses to do so he must be held to the same standard of honor that obtains when he is paid for his services. The boasted nobility of the profession of the law would be a mockery and a mere name if the rule were otherwise.

The point is urged that Licausi makes no complaint, and is well content with his bargain, and that it does not lie in defendant's mouth to question plaintiff's good faith. Upon plainest principle, it is wholly immaterial that Licausi happens to be satisfied with the plaintiff's treatment of him. A like contention was unsuccessfully made in *Everhart* v. *Searle*, 71 Penn. St. 256, and *Cannell* v. *Smith*, 142 id. 25. The maxim we are dealing with rests upon the dictates of public policy, and is intended, not for the protection of litigants, but for the protection of society generally. And so it does not matter that the defendant, as well as Licausi, may have actually benefited by the plaintiff's duplicity. As Lord Mansfield said, in the celebrated case of *Holman* v. *Johnson*, 1 Cowp. 341: " It is not for his [a defendant's] sake, however, that the objection is ever allowed; but it is founded in general principles of policy, which the defendant has the advantage of. * * * The principle of public policy is this; *ex dolo malo non oritur actio.* No court will lend its aid to a man who founds his cause of action upon an immoral or an illegal act. If, from the plaintiff's own stating or otherwise, the cause of action appears to arise *ex turpi causa,* or the transgression of a positive law of this country, there the Court says he has no right to be assisted. It is upon that ground that the Court goes; not for the sake of the defendant, but because they will not lend their aid to such a plaintiff." And see *Nellis* v. *Clark,* 20 Wend. 24; affd., 4 Hill, 424, and approved in *Moseley* v. *Moseley,* 15 N. Y. 334.

It is well settled that the *ex turpi causa* defense need not be set up by a defendant. *Doucet* v. *Massachusetts Bonding & Ins. Co.,* 180 App. Div. 599; *Sprague* v. *Webb,* 168 id. 292; *Dressel* v. *Hanser,* 101 Misc. Rep. 574. " The law," said Cowen, J., " will not tarnish its hands by rescuing [a person who founds his claim upon a wrong] from the mire." *Nellis* v. *Clark, supra.*

Judgment reversed, without costs of appeal to either party, and complaint dismissed upon the merits, with costs.

GUY and BIJUR, JJ., concur.

Judgment reversed.