MARY G. MULQUEEN, EXECUTRIX OF THE LAST WILL AND TESTAMENT OF MICHAEL J. MULQUEEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41444. Promulgated January 30, 1932.

*Thomas B. Gilchrist, Esq.*, for the petitioner.
*William E. Davis, Esq.*, for the respondent.

444

OPINION.

STERNHAGEN: The petitioning executrix, having admittedly received the amounts in question from Lamb, omitted them from the

estate's income-tax return, and now urges that such omission was proper because the amounts were gifts from Lamb and hence were not within statutory gross income as described in section 213 (a), Revenue Acts of 1924 and 1926, but were expressly excluded therefrom by section 213 (b) (3). The argument is that the estate had no legal right to any part of the fees; and that therefore what Lamb gave up he gave gratuitously, with knowledge that he was not legally obligated, and that this is not income to the estate, but a gift.

The evidence does not support the argument. While it may be true under New York law that the deceased attorney's representative could not, in respect of some of the condemnation proceedings, have recovered from the decedent's clients any compensation under the contingent retainers, *Badger* v. *Geller*, 41 App. Div. 599; 58 N. Y. S. 653; *Sargent* v. *McLeod*, 209 N. Y. 360; 103 N. E. 164, it is also true that where some substantial services were performed by the deceased, reasonable compensation could be had, *Sargent* v. *McLeod, supra;* see note 52 L. R. A. N. S. 380. The evidence does not show, except through the provisions of the contract of July 6, 1925, whether in this respect there was any foundation for compensation to decedent or his representatives or any fair legal basis for a claim. The contract rather indicates that services had been performed by the decedent sufficient to support a claim, although the extent of such services and the amount of any such claim could not be determined from the evidence.

The amounts here in question, however, were received not from the decedent's clients by virtue of his retainers, but from Lamb under an arrangement of some sort which later was embodied in a written contract. As between Lamb and petitioner there was a recognition of such a balance of claims as to require an " arrangement " which culminated in a formal contract. On its face it indicates a valid consideration and dispels any suggestion of gift. Even if, as petitioner's counsel suggests, Lamb made new contingent contracts with the clients (which we can not necessarily infer from the bare testimony that Lamb was " substituted "), and then contracted to share with petitioner, who was not a lawyer, such a sharing contract might be enforceable against him if not by him, since he would not be heard to raise the defense that his contract was in violation of law or the canons of professional conduct. *Irwin* v. *Curie*, 171 N. Y. 409; 64 N. E. 161. Since, however, he has performed under it and the petitioner has received under it, its validity is not justiciable here. See *Reese* v. *Resburgh*, 54 App. Div. 378; 66 N. Y. S. 633. Even if it were plainly invalid, this would not demonstrate that the amounts already received under it were gifts. *James P. McKenna*, 1 B. T. A. 326. Rather to the contrary, the

existence of the contract would tend to show a lack of any intention to make a gift. Cf. *Herschel V. Jones*, 1. B. T. A. 1226. Income acquired through illegal transactions is nevertheless taxable, *United States* v. *Sullivan*, 274 U. S. 259; *L. Weiner*, 10 B. T. A. 905; and so is an amount in excess of that legally due, *Chicago, Rock Island & Pacific Ry. Co.*, 13 B. T. A. 988, 1022; affd., 47 Fed. (2d) 990, 992.

The evidence to establish a gift was all given by the petitioner, who seems to have no definite idea of what was done or why. Lamb, who is alleged to have made the gift, did not give evidence, and there is in the record nothing outside the contract to indicate his actual intent or his own construction of the arrangement. If this had been a gift from him of money which had rightfully been his own, it would have been within his taxable income, with no deduction, since gifts are not deductions to the donor, section 215. Whether he took such a deduction or omitted the amount from his gross income, thus in either case indicating that he did not regard the transaction as a gift, does not appear in evidence, and we can not assume favorably to petitioner that he did not, or that her view that he made a gift reflects his intention.

The petitioner constructs her argument as if the gift exemption were an omnibus provision embodying any receipt which can not be fitted into the several categories set forth in the statutory description of gross income. This is contrary to good reasoning. Claiming such exemption, the petitioner must prove affirmatively that what she received was a gift; and failing to prove it to be a gift, it may properly be held within the broad definition of gross income, and that the respondent's determination to that effect has not been overcome.

*Judgment will be entered for the respondent.*